# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2023

Lyle W. Cayce
Clerk

———————

No. 23-20319

———————

Anthony Cordell Williams,

*Plaintiff—Appellant*,

*versus*

Brian Collier, *Executive Director of TDCJ Institutional Division*; Texas Court of Criminal Appeals; Chairman David Guiteriez; Director Pamela Theilkie, *TDCJ Parole Division*; Officer Unknown Scolfield, *TDCJ Institutional Division*; Officer Unknown Medcalf, *TDCJ Institutional Division*; Unknown Henderson, *TDCJ Institutional Division*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-328

———————————————————————

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Anthony Williams, Texas prisoner # 585666, moves to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his 42 U.S.C. § 1983 suit as frivolous and malicious. Through his motion, Williams challenges the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20319

district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Although the district court dismissed the suit as time-barred, Williams does not substantively address the time-bar ruling and has therefore abandoned any challenge to it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that even a *pro se* appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is the same as if appellant had not appealed).

Because he has not shown that his appeal involves a nonfrivolous issue, Williams's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the suit as frivolous and malicious and our dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Williams is WARNED that if he accumulates a third strike, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).